IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BOYD HALL,                                                CV. 06-385-KI

        Petitioner,

    v.                                                    OPINION AND ORDER

JEAN HILL,

        Respondent.


NELL BROWN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


HARDY MYERS
Attorney General
LYNN DAVID LARSEN
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent


1 - OPINION AND ORDER

KING, District Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding is dismissed.

## BACKGROUND

In 1997, Petitioner's daughter, Rebecca, reported Petitioner abusing his granddaughter. At the time she reported the abuse of her daughter, Rebecca reported being abused by Petitioner years earlier. In October 1997, Petitioner was indicted on nine counts alleging rape, sodomy and sexual abuse. Counts 1-4 alleged rape and sodomy of Rebecca, between October 1, 1986, and June 19, 1987. Counts 5-8 alleged sodomy of Rebecca between June 20, 1987, and March 2, 1990. Count 9 alleged sexual abuse of Petitioner's granddaughter on April 14, 1997.

Following a trial by jury, Petitioner was found guilty on all counts. Petitioner was sentenced under Oregon's Matrix system on Counts 1-8 and under Measure 11, Oregon's mandatory minimum statute, on Count 9. His projected release date is March 3, 2014.

Petitioner directly appealed his convictions. The Oregon Court of Appeals affirmed without opinion, *State v. Hall*, 169 Or.App. 652, 10 P.3d 336 (2000), and the Oregon Supreme Court denied review, 332 Or. 56, 26 P.3d 150 (2001).

Petitioner filed for post-conviction relief (PCR) alleging ineffective assistance of counsel. *Inter alia*, Petitioner alleged

2 - OPINION AND ORDER

trial counsel was ineffective for failing to move for dismissal of Counts 1-4 on the basis that the six-year statute of limitations barred prosecution. Petitioner claimed the statute of limitations was triggered when Rebecca's younger sister, Lori, made statements to police on June 19, 1987, during the investigation of a report Petitioner inappropriately touched a friend of hers. During the interview with police, Lori, who was about 11 years old, stated: she and Rebecca shared a large bed; she knew Petitioner had sexual intercourse with her sister, although she would close her eyes and pretend to be asleep when Petitioner came into their room; Rebecca never talked to her about what occurred; the incident occurred "one or two months or a year ago," and then she clarified that it was "a year ago." Petitioner argued Lori's statements constituted a "report to authorities" of the offenses charged in Counts 1-4, and under Or. Rev. Stat. §131.125(2) triggered the six-year statute of limitations.

The PCR trial court denied Petitioner relief. The PCR court found "what was reported [to police in June 1987] was petitioner's inappropriate behavior with one of his daughter's friends." (Respt.'s Exh. 135, 2.) The court found Lori's statements to police did not constitute reporting of the offenses against Rebecca "within the meaning of ORS 131.125(2)." (*Id.*) "[T]herefore, the statute of limitations did not bar the prosecution of those offenses in 1997." (*Id.*)

Petitioner appealed. In a written opinion, the Oregon Court of Appeals affirmed the PCR trial court, agreeing that Lori's statements "did not meet the offense-specific requirements of *Hutchinson*," but for an alternative reason.[1] *Hall v. Lampert*, 196 Or.App. 285, 100 P.3d 1138, 1142 (2004). The Oregon Court of Appeals found that the offenses charged in Counts 1-4 arose from different incidents than those reported by Lori in June, 1987. (Respt.'s Exh. 138, 7.) Thus, the six-year statute of limitations did not bar prosecution of the offenses in Counts 1-4; Petitioner would not have prevailed had he presented a statute of limitations defense, and, accordingly, Petitioner could not show prejudice from counsel's failure to move to dismiss Counts 1-4. The Oregon Supreme Court denied Petitioner's request for review. 338 Or. 301, 109 P.3d 375 (2005).

## DISCUSSION

In the instant petition, Petitioner alleges violation of his Sixth Amendment right to effective assistance of counsel when trial

---

[1] *State v. Hutchinson*, 176 Or.App. 363, 31 P.3d 1123 (2001) established that under Or. Rev. Stat. §131.125(2) reporting must be offense-specific for the statute of limitations to be triggered. "The language plainly requires actual communication of the facts that form the basis for the particular offense reported." *Id.* at 367. "We find no support in the language of ORS 131.125(2) for the proposition that reporting conduct that may constitute an offense triggers the statute of limitations as to all other conduct that may constitute other instances of the same offense. [T]he statute of limitations as to each of the listed felonies begins to run only when specific factual information about conduct constituting 'the offense' is reported." *Id.* at 369.

4 - OPINION AND ORDER

counsel failed to move to dismiss Counts 1-4 as barred by the six-year statute of limitations. (Mem. in Supp. of Pet. for Habeas Corpus Relief, 14.) Petitioner argues "the Oregon Court of Appeals decision applying *Strickland* was both an unreasonable application of the facts in light of the record and contrary to clearly established Supreme Court precedent . . . ." (*Id.*, 24-25.) Respondent argues the findings from which the state court concluded the statute of limitations did not bar prosecution are reasonable and the state court decision denying Petitioner relief is entitled to deference. (Respt.'s Sur-Reply, docket #40, 3-6.)

## I. Standards and Scope of Review under §2254

The parameters for a federal court to grant habeas relief to a person in custody pursuant to the judgment of a state court are set out in 28 U.S.C. §2254 (d):

> An application . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision involves an "unreasonable application" of clearly established Supreme Court law if "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the ... case." *Lambert v. Blodgett,* 393 F.3d 943, 974 (9th Cir. 2004), *cert.*

5 - OPINION AND ORDER

*denied,* 126 S. Ct. 484 (2005). The state court's application of law must be *objectively unreasonable. Id.* (emphasis added). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. . . . An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Woodford v. Visciotti,* 537 U.S. 19, 24-25 (2002).

An unreasonable determination of the facts occurs when the fact-finding process is flawed. Examples of a flawed process include: making evidentiary findings without holding a hearing, misstating the record, ignoring the record, misapprehending the evidence presented. *Taylor v. Maddox,* 366 F. 3d 992, 1001 (9th Cir. 2004). State court findings of fact are presumed to be correct, absent petitioner rebutting the presumption of correctness with clear and convincing evidence that the state court findings of fact are in error. *Miller-El v. Cockrell,* 537 U.S. 322, 341-42 (2003), *Lambert,* 393 F.3d at 972 (citing *Taylor,* 366 F.3d at 999). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson,* 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). In this proceeding, the Oregon Court of Appeals decision affirming the denial of PCR relief is the basis for review.

## II. Ineffective Assistance of Counsel

It is well established that a claim of ineffective assistance of counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1987). Under *Strickland*, a petitioner has the burden of proving (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

To prevail on his claim, Petitioner had to show the statute of limitations defense was available as to Counts 1-4 under the facts of his case and that there was a reasonable probability that he would prevail in presenting this defense. As noted previously, the Oregon Court of Appeals found the statute of limitations defense did not bar prosecution of Counts 1-4. The court determined the offenses charged were not the same instances of sexual contact reported by Lori in June, 1987. Noting that Oregon law requires offense-specific reporting for the statute of limitations to be triggered, the Court of Appeals found prosecution of Counts 1-4 was not barred, and, because the statute of limitations defense was not available, Petitioner could not show prejudice from counsel failing to raise it.

7 - OPINION AND ORDER

Petitioner contends the Court of Appeals determination that the statute of limitations did not bar prosecution of Counts 1-4 was based on an unreasonable determination of the facts. Based on the record, I disagree. The state court had before it the June, 1987, police report detailing the investigation of a report Petitioner inappropriately touched a friend of his daughter which included Lori's statements to police during that investigation. The court also had the 1997 charging instrument and Rebecca's trial testimony as to the abuse she experienced. From the record, the state court found the offenses in Count 1-4 were different than those reported by Lori in 1987. State court findings of fact are presumed to be correct absent Petitioner presenting clear and convincing evidence to the contrary. Petitioner has not presented such evidence.

Furthermore, "[a] state court has the last word on the interpretation of state law." *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002). In Petitioner's PCR proceeding the Oregon Court of Appeals determined that under Or. Rev. Stat. §131.125(2) the statute of limitations was not triggered and did not bar prosecution of Counts 1-4. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because prosecution of the offenses alleged in Counts 1-4 was not barred by the six-year statute of limitations, Petitioner could not show there was a reasonable probability the result of the

8 - OPINION AND ORDER

proceedings would have been different had counsel raised the statute of limitations defense. Accordingly, the state court decision to deny Petitioner relief was neither contrary to nor an unreasonable application of *Strickland*.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 22nd day of January, 2008.

_____
Garr M. King
United States District Judge

9 - OPINION AND ORDER